UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:04-cv-0914-JDT-TAB |
| MIDWEST ISO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION ON
DEFENDANT'S REQUEST FOR SANCTIONS**

**I.      Introduction.**

This case presents an unfortunate and wholly avoidable primer on how not to litigate a

case.  This saga began on October 15, 2004, when Plaintiff's counsel, Derrick Eley, failed to

attend the initial pretrial conference as ordered, and failed to provide any input into the required

Case Management Plan. ("CMP")[1]  Over the course of this litigation, the Court has issued

numerous orders noting Eley's various missteps.  [See Docket Nos. 17, 24, 45, 54, 67 and entries

of September 22, 2004 and December 2, 2004 in connection with Docket Nos. 12 and 25.]  Most

recently, Eley failed to properly respond to Defendant's October 28, 2004 discovery requests

despite a June 20, 2005 Court order granting Defendant's motion to compel and ordering Eley to

---

[1] This is just one of many such sagas in which Plaintiff's counsel has found himself.  *See
e.g.*, *Phillips v. Ramco, Inc.*, 1:03-cv-0391-RLY-WTL (show cause order issued as a result of
Eley's failure to include client in settlement conference); *Killibrew v. St. Joseph Hospital &
Health Center, Inc.*, 1:03-cv-1497-DFH-VSS (case dismissed when Eley neglected to comply
with order to file an amended complaint by a date certain); *Haskins v. Federal Express*, 1:03-cv-
1720-DFH-TAB (case dismissed where Eley neither filed a response to defendant's summary
judgment motion nor timely requested an enlargement of deadline and where Eley did not abide
by discovery deadline).

fully respond.  [Docket No. 45.]

As a result of Eley's conduct, Defendant sought sanctions, including dismissal of this action.  [Docket Nos. 48, 51.]  The District Judge subsequently requested that the Magistrate Judge issue a Report and Recommendation on what sanctions, if any, should be imposed against the Plaintiff and/or his counsel for their purported failure to comply with the Court's order of June 20, 2005.  [Docket No. 50.]

While dismissal might be appropriate under these circumstances, the Court is reluctant to punish the Plaintiff with dismissal for the errors of his counsel.  However, Defendant should not have to incur attorney's fees necessitated by Eley's utter disregard of his professional obligations.  Accordingly, the Magistrate Judge recommends that Defendant's request for sanctions be granted to the extent that Eley be required to reimburse the Defendant $2,500.  In addition, the Magistrate Judge recommends that Eley be required to undertake certain other steps, as detailed below, in an effort to avoid a similar, future outcome.

**II.     Background.**

The Court ordered Eley to attend an initial pretrial conference on October 14, 2004, and in preparation for this conference to confer with opposing counsel and prepare a proposed CMP. [Docket No. 13.]  Eley did neither.  As a result, the Court ordered Plaintiff to show cause why Eley should not be sanctioned for his failings regarding the missed conference and CMP. [Docket No. 17.]  The Court further ordered Plaintiff to file a revised CMP by a date certain and warned that failure to do so would provide an additional basis for sanctions.  [Docket No. 17, p. 2.]

Incredibly, and without explanation, Plaintiff failed to respond to the show cause order.

2

After argument by counsel at a hearing to address this matter, the Court ordered, among other things, that Eley review this Court's Local Rules, attend free CM/ECF training, and reimburse Defendant for costs unnecessarily incurred as a result of Eley's conduct.  [Docket No. 23, p. 3.] However, the Court suspended reimbursement provided that Eley fully comply with the Court's November 22 order.  The Court also "highly recommended" that Eley attend a federal practice seminar.[2]  [Docket No. 23, p. 3.]

Eley remains intractable despite the Court's substantial efforts to right his course.  On May 28, 2005, Defendant moved the Court for an order compelling Plaintiff to respond to its October 28, 2004, discovery requests.  [Docket No. 44.]  The Court granted this motion on June 20 and ordered Plaintiff to respond to Defendant's discovery without objection no later than July 1.  [Docket No. 45.]  The Court further warned that "Plaintiff's failure to respond shall result in the Court setting this matter for a hearing to determine whether sanctions, including dismissal, are appropriate."  [Docket No. 45.]  Despite this warning and opportunity to cure, Eley failed to respond.  Accordingly, on July 8 Defendant filed a notice of non-compliance and requested a hearing to determine the propriety of sanctions.  [Docket No. 48.]  In this notice, Defendant asserted that Eley additionally thwarted the discovery process by failing to cooperate with scheduling depositions.  [Docket No. 48, p. 2.]

---

[2] In its November 22 order, the Court detailed Eley's other missteps that occurred prior to the missed October 15 conference.  As set forth in that order, Eley violated Local Rule 5.6 by filing a document in paper form rather than electronically. [See entry of September 22, 2004 in connection with Docket No. 12.]  Moreover, Eley violated Local Rule 15.1 by filing a motion to amend the complaint without attaching a copy of the proposed amended complaint.  [Docket No. 12].  Finally, Eley violated Local Rule 5.1(d) in filing a motion for leave to amend [Docket No. 21] that did not include a proposed order.  [Docket No. 23, p. 2.]

On July 26, the parties appeared by counsel for a sanctions hearing.  [Docket No. 54.]  As set forth on the record during this hearing, Plaintiff did not respond to Defendant's discovery by the Court-ordered deadline.  Plaintiff's belated responses, served on Defendant immediately prior to the hearing, were incomplete.  Moreover, in direct contravention of the Court's June 20 order,  Plaintiff withheld information based on objection.  At the hearing, the Court also learned that Plaintiff neither served his demand and statement of special damages nor filed preliminary witness and exhibit lists as required by the CMP.

**III.    Discussion.**

In its November 22, 2004 order, the Court warned Eley that such "blunders" could jeopardize his client's position and have caused the Defendant to incur "needless expense." [Docket No. 23, p. 2.].  Rather than respond to these concerns, Eley has continued to litigate this case in an unacceptable fashion, ignoring the Court's June 20 order and prompting Defendant to request sanctions.  Accordingly, this Court must now consider whether, and to what extent, sanctions are appropriate.

Defendant's sanctions request is premised upon Fed. R. Civ. P. 37.  [Docket No. 51, p. 2.]  Rule 37 sanctions are appropriate where a party or an attorney displays willfulness, bad faith or fault.  *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) (*citing Phillips Med. Sys. Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992)).  Rule 37(b) provides an expansive range of sanctions, up to dismissal, against offending counsel who "fail to obey an order entered under Rule 26(f)...."  Fines against counsel are among the tools available under Rule 37(b)(2). *Maynard v. Nygren*, 332 F.3d 462, 470 (7th Cir. 2003).  Rule 26(g)(3) permits appropriate sanctions, including attorney's fees, against counsel who, without substantial justification,

4

wrongly certify that pretrial disclosures are complete and correct.  Sanctions against a party or attorney are also available under Rule 16(f) for failure to obey a pretrial order.  The Court also retains inherent power to sanction attorneys for willful or bad faith discovery abuses.  *Maynard*, 332 F.3d at 470-71.

Defendant argues that the "clear record demonstrating Plaintiff's repeated failures to meet...deadlines, his utter disregard of the Court's orders, and his willful neglect of this case" all warrant dismissal of Plaintiff's claims.  [Docket No. 51, p. 3].  Eley does not dispute that Plaintiff's discovery responses were untimely and incomplete.  Moreover, at the hearing Eley acknowledged that he certified by signature that these responses were complete despite withholding information based on objection.  With respect to the delay in responding, Eley contends only that the Plaintiff was slow in forwarding his responses to counsel.  The Court is not so persuaded.

Eley's complete lack of any justification for his noncompliance with the June 20, 2005, Court order expressly requiring him to respond by a date certain to Defendant's October 28, 2004 discovery requests begs for sanction.  Eley proffers no cogent explanation for why he ignored this order, nor does he adequately justify his withholding of information based on objection in flagrant contravention of this order.  In light of Eley's other well documented contumacious conduct, his half-hearted attempt to shift the blame to the Plaintiff simply does not hold water.  Thus, the Court finds Eley's conduct was willful and warrants sanction.  The only question that remains is what sanctions are appropriate.

The Court is not required "to fire a warning shot" before selecting a sanction, despite having done so previously in this case.  *Hal Commodities Cycles Mgmt. Co. v. Kirsch*, 825 F.2d

1136, 1139 (7th Cir. 1978).  Nor is the Court required to select the "least drastic" or "most reasonable" sanction.  *Melendez v. Illinois Bell Telephone Co.*, 79 F.3d 661, 672 (7th Cir. 1996). Before dismissing a case, however, a court must be satisfied that there is clear and convincing evidence of willfulness, bad faith, or fault, and it must first consider and explain why lesser sanctions are not appropriate.  *Maynard,* 332 F.3d at 470.

The clear and convincing evidence of Eley's transgressions and the lack of substantial justification push this case perilously close to dismissal.  Lesser sanctions by this Court, as detailed herein, have had no remedial effect on Eley's shortcomings.  Thus, the Court would be well within its discretion to dismiss this action based on Eley's willful misconduct.  *See e.g.*, *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1180 (7th Cir. 1987) (case dismissed nearly a year after discovery was initially served after plaintiff's counsel failed to respond to discovery requests, provided only partial responses when he did respond, and failed to obtain local counsel in disregard of court's orders); *Godlove v. Bamberger, Foreman, Oswald and Hahn*, 903 F.2d 1145, 1146-48 (7th Cir. 1990) (pro se plaintiff, who was also a lawyer, could not save case from dismissal with incomplete, eleventh-hour discovery responses served after two previous failures to abide by court's discovery orders).

However, the Court is reluctant to penalize the Plaintiff for the conduct of his counsel, and remains mindful of the Seventh Circuit's preference that cases be heard on their merits.  *See* *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (court declined to dismiss inmate plaintiff's complaint for failure to comply with scheduling order and reaffirmed that "the interests of justice are best served by resolving cases on their merits").  In this instance, the Court does not believe dismissal would serve the interests of justice because Eley is largely, if not completely,

6

responsible for the state of affairs.  Instead, recognizing the discretion courts have in addressing such issues, some other sanction is appropriate, at least at this juncture, given the limited issue before the Court.  In fact, under these circumstances a dismissal would have the undesirable outcome of leaving the Plaintiff without a remedy[3] and simultaneously relieving Eley of any obligation to repay the attorney's fees he has caused the Defendant to needlessly incur.

Thus, the better approach here is not to dismiss the case, but rather to require Eley to reimburse the Defendant for the fees necessitated by his failure to comply with the Court's June 20, 2005 order.  Defendant should not have to pay these fees.  Such an outcome is supported by Rule 37(b), Rule 26(g)(3), and Rule 16(f).  As noted above, the Court also has the inherent power to sanction Eley, but the Court need not rely upon its inherent power given the willfulness of Eley's conduct and the express authority of Rules 37(b), 26(g)(3), and 16(f).  Accordingly, the Magistrate Judge recommends that Defendant's request for sanctions be granted as set forth below.

Defendant's counsel, Debra Hepler, filed unrebutted evidence regarding the fees the Defendant seeks.  [Docket No. 57.]  Hepler expended 26.1 hours since January 2005 trying to obtain Plaintiff's full and complete discovery requests and conduct depositions.  [Docket No. 57, ¶ 5, Tab A.]  Given the duration of the discovery delay that caused Defendant's counsel to prepare and file multiple motions as well as prepare for and attend a discovery hearing, the Magistrate Judge does not question that these hours were reasonably expended.  However, the order referring this matter to the Magistrate Judge expressly requested a Report and

---

[3] The Court recognizes that, if dismissal were ordered, the Plaintiff might have a remedy through a legal malpractice action.  However, such a remote cause of action would likely be of little solace to the Plaintiff.

Recommendation "on what sanction, if any, shall be imposed against Plaintiff and/or his counsel for their purported failure to comply with this Court's order of June 20, 2005." [Docket No. 50.] Accordingly, any fees incurred prior to July 1, 2005 -- the date by which Plaintiff was directed by the June 20 order to fully respond to Defendant's discovery -- are not recoverable at this time.[4]  Focusing on the entries after July 1, 2005, Hepler's evidence demonstrates that the Defendant incurred 13.5 hours between July 8 and 26, 2005.  While this work is overwhelmingly a result of Eley's non-compliance with the June 20 order, a small portion of it is not.  Therefore, the 13.5 requested hours should be reduced by one hour to 12.5 hours.

Hepler claims an hourly rate of $200, which the Court finds reasonable given her knowledge and experience.  Although Eley generally asserts that "fines or costs associated to this failure [to produce documents] is not reasonable and not appropriate" and "Defendant submitted attorney's fees which are not reasonable" [Docket No. 66], he does not attack the evidence submitted by Hepler or her entitlement to fees in any meaningful way.  Thus, the Court finds that Defendant has incurred $2,500 (12.5 hours @ $200/hour) as a result of Eley's failure to comply with this Court's June 20, 2005 order.

A mere monetary sanction, however, is insufficient in this case.  Therefore, the Magistrate Judge further recommends that Eley be ordered to attend at least three hours of a

---

[4] The Court does not take issue with Hepler's request for the entire amount of fees and costs incurred.  The Court requested that Defendant "submit evidence of fees and costs incurred as a result of counsel Derrick Eley's purported failure to respond to discovery, failure to abide by Court orders, failure to respond to case-related inquiries from opposing counsel, and related misconduct...." [Docket No. 54.]  However, the issue referred to the Magistrate Judge is limited to sanctions based on non-compliance with the Court's June 20, 2005 order. [Docket No. 50.] Whether dismissal is warranted when viewing the case from a broader perspective is an issue that Defendant recently raised by a pending motion to dismiss. [Docket No. 69.]

federal practice seminar -- which he previously chose not to attend despite the Court's urging -- no later than sixty days after adoption of this Report and Recommendation.[5]  Moreover, Plaintiff should know how close this case has come to being dismissed and the concerns the Court has with his counsel's conduct.  Such knowledge might motivate the Plaintiff to more closely monitor Eley's actions, thereby encouraging Eley to give this case proper attention.  Accordingly, the Magistrate Judge additionally recommends that, within ten days of adoption of this Report and Recommendation, Eley be required to provide Plaintiff a copy of the Report and Recommendation and the order adopting it and discuss these orders with the Plaintiff.  Lastly, the Magistrate Judge recommends that Eley be ordered to file written verification within seventy days of adoption of this Report and Recommendation setting forth in detail the steps he has taken to comply with the foregoing.

At the risk of stating the obvious, Eley should now recognize that if he decides to litigate in this Court he must abide by the rules, adhere to orders, and give the matter the full attention it requires.  Lawyers are professionals, and may rightly be required to act accordingly.

## IV.    Conclusion.

For the reasons set forth above, the Magistrate Judge finds that Defendant's request for sanctions should be granted and recommends as follows:

1.    Within thirty days of adoption of this Report and Recommendation, Eley shall
      reimburse Defendant $2,500 for fees resulting from his failure to comply with the

---

[5] Time, cost, and registration information for the Indiana Lawyer's Federal Civil Practice Update for the Southern District of Indiana scheduled for December 8, 2005, may be obtained by calling the Indiana Lawyer at 636-0200.  Eley is not required to this particular seminar, but attendance at this or some similar seminar would comply with this Report and Recommendation.

Court's June 20, 2005 order;

2.      Eley shall attend at least three hours of a federal practice seminar no later than

        sixty days after adoption of this Report and Recommendation;

3.      Within ten days of adoption of this Report and Recommendation, Eley shall

        forward a copy of this Report and Recommendation and the order adopting it to

        the Plaintiff and discuss these orders with the Plaintiff; and

4.      No later than seventy days after adoption of this Report and Recommendation,

        Eley shall file written verification with the Court setting forth in detail the steps

        he has taken to comply with the foregoing.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with

the Clerk in accordance with 28 U.S.C. § 636 (b)(1), and failure to file timely objections within

the ten days after service shall constitute a waiver of subsequent review absent a showing of

good cause for such failure.

Dated:  11/09/2005

                                                Tim A. Baker
                                                United States Magistrate Judge
                                                Southern District of Indiana

Copies to:

10

Thomas E. Deer
LOCKE REYNOLDS LLP
tdeer@locke.com

Derrick D. Eley
derrickdeley@yahoo.com

Deborah K. Hepler
LOCKE REYNOLDS LLP
dhepler@locke.com